IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DREAMWORKS ANIMATION LLC,<br><br>        Plaintiff,<br><br>v.<br><br>CLOTHESMAN and<br>THE INDIVIDUALS AND ENTITIES<br>OPERATING CLOTHESMAN,<br><br>        Defendants. | Case No. 25-cv-06898<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

**AMENDED COMPLAINT**

Plaintiff DreamWorks Animation LLC ("Plaintiff") hereby brings the present action against clothesman and the Individuals and Entities Operating clothesman identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce store[1] operating under at least the seller alias identified in Schedule A attached hereto (collectively, the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating an e-commerce store that target

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

United States consumers using at least the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and/or unauthorized copies of Plaintiff's federally registered copyrighted works to residents of Illinois (collectively, the "Unauthorized Products"). Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling Unauthorized Products. Defendants create e-commerce stores operating under the Seller Aliases that are advertising, offering for sale, and selling Unauthorized Products to unknowing consumers. Defendants attempt to avoid and mitigate liability by operating under the Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its copyrighted works as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff DreamWorks Animation LLC is an American animation studio recognized worldwide as a leader in quality family entertainment.

5. Plaintiff has produced several of the highest-grossing animated films of all time and Plaintiff's famous film franchises include DreamWorks Shrek, DreamWorks Trolls, and DreamWorks How to Train Your Dragon (collectively, the "DreamWorks Franchises").

6. Products sold under the DreamWorks brand and associated with the DreamWorks Franchises include apparel, accessories, toys, collectibles, and souvenirs (collectively, the "DreamWorks Products"). DreamWorks Products are distributed and sold to consumers throughout the United States, including in Illinois, through authorized retailers and online marketplaces, such as Target and Amazon.

7. The DreamWorks Shrek animated film franchise includes *Shrek* (2001), *Shrek 2* (2004), *Shrek the Third* (2007), and *Shrek Forever After*, with *Shrek 5* currently in production for a 2026 release. The series focuses on Shrek, an ogre, who goes on a quest to rescue the Princess Fiona and also befriends a talking donkey named Donkey on the way. In 2020, the United States Library of Congress selected *Shrek* (2001) for preservation in the National Film Registry, becoming the first animated film of the 21st century to be preserved. Some of the characters and character names made famous by the DreamWorks Shrek franchise include:

3



8. Copyrighted works associated with the DreamWorks Shrek franchise are registered with the United States Copyright Office. The registrations include but are not limited to: "Shrek" (Reg. No. PA0001036170), "Shrek 2" (Reg. No. PA0001226503), "Shrek the third." (Reg. No. PA0001375529), and "SHREK FOREVER AFTER" (Reg. No. PA0001685317). Plaintiff has also registered the following trademarks with the United States Patent and Trademark Office:

| Registration Number | Trademark |
|---|---|
| 2,594,275<br>2,617,695 | SHREK (logo) |
| 2,553,888<br>2,636,584 | SHREK |
| 3,454,311 | DRONKEY |

9. True and correct copies of the United States Registration Certificates for the trademarks listed in the table above (collectively, the "DreamWorks Trademarks") are attached hereto as **Exhibit 1**.

4

10. The U.S. registrations for the DreamWorks Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the DreamWorks Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the DreamWorks Trademarks pursuant to 15 U.S.C. § 1057(b).

11. The DreamWorks Trademarks are distinctive when applied to the DreamWorks Products, signifying to the consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high-quality standards. Whether Plaintiff manufactures the products itself or licenses others to do so, Plaintiff has ensured that products bearing its trademarks are manufactured to the highest quality standards.

12. The DreamWorks Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product designs of the DreamWorks Products have enabled the DreamWorks brand to achieve widespread recognition and fame and have made the DreamWorks Trademarks some of the most well-known marks in the entertainment industry. The widespread fame, outstanding reputation, and significant goodwill associated with the DreamWorks Franchises have made the DreamWorks Trademarks invaluable assets of Plaintiff.

13. Plaintiff has expended substantial time, money and other resources in advertising and promoting the DreamWorks Trademarks. In fact, Plaintiff has expended millions of dollars in advertising, promoting, and marketing featuring the DreamWorks Trademarks. DreamWorks Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the DreamWorks Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. DreamWorks Products have become among the most

5

popular of their kind in the U.S. and the world. The DreamWorks Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the DreamWorks Trademarks is of incalculable and inestimable value to Plaintiff.

14. True and correct copies of the United States Registration Certificates for the copyrights listed above (collectively, the "DreamWorks Copyrighted Works") are attached hereto as **Exhibit 2**.

15. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the DreamWorks Copyrighted Works to the public.

16. Since first publication, the DreamWorks Copyrighted Works have been used on the DreamWorks Products and are featured on Plaintiff's website at dreamworks.com. DreamWorks Products featuring the DreamWorks Copyrighted Works are advertised on Plaintiff's website at dreamworks.com.

**The Defendants**

17. Defendants are individuals and business entities of unknown makeup who own and/or operate the e-commerce store under the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. Upon information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

18. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the

exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Amended Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

19. The success of Plaintiff's brand has resulted in significant counterfeiting of the DreamWorks Trademarks and copying of the DreamWorks Copyrighted Works. In recent years, Plaintiff has identified many fully interactive, e-commerce stores offering Unauthorized Products on online marketplace platforms, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. At last count, global trade in counterfeit and pirated goods was worth an estimated $467 billion per year — accounting for a staggering 2.3% of all imports, according to the Organization for Economic Cooperation and Development (the "OECD").[2] The primary source of all those counterfeits, the OECD and others say, is China.[3]

20. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken

---

[2] *See* Press Release, Organization for Economic Cooperation and Development, *Global trade in fake goods reached USD 467 billion, posing risks to consumer safety and compromising intellectual property* (May 7, 2025), https://www.oecd.org/en/about/news/press-releases/2025/05/global-trade-in-fake-goods-reached-USD-467-billion-posing-risks-to-consumer-safety-and-compromising-intellectual-property.html.
[3] *Id.; See also, Intellectual Property Rights Seizure Statistics, Fiscal Year 2024*, U.S. Customs and Border Protection.
[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Unauthorized Products to residents of Illinois. Screenshots evidencing Defendants' infringing activity are attached as **Exhibit 3**.

22. Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of its DreamWorks Trademarks or copy or redistribute the DreamWorks Copyrighted Works, and Defendants are not authorized retailers of genuine DreamWorks Products.

---

[5] *Id.* at p. 22.
[6] *Id.* at p. 39.
[7] Chow, *supra* note 4, at p. 186-87.

23. Defendants also deceive unknowing consumers by using the DreamWorks Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for DreamWorks Products.

24. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

25. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

26. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

27. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters

9

regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

28. Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Unauthorized Products. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the DreamWorks Trademarks and/or copies of the DreamWorks Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

29. Defendants' unauthorized use of the DreamWorks Trademarks and/or copies of the DreamWorks Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered DreamWorks Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The DreamWorks Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from DreamWorks Products offered, sold, or marketed under the DreamWorks Trademarks.

32. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the DreamWorks Trademarks without Plaintiff's permission.

33. Plaintiff is the exclusive owner of the DreamWorks Trademarks. The United States Registrations for the DreamWorks Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the DreamWorks Trademarks and are willfully infringing and intentionally using counterfeits of the DreamWorks Trademarks. Defendants' willful, intentional, and unauthorized use of the DreamWorks Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

34. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known DreamWorks Trademarks.

36. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

### COUNT II
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

37. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the

general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

39. By using the DreamWorks Trademarks on the Unauthorized Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

40. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

41. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
### COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

42. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. The DreamWorks Copyrighted Works constitute original works and copyrightable subject matters pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

44. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the DreamWorks Copyrighted Works. The DreamWorks Copyrighted Works are protected by the U.S. Copyright Registration Nos. PA0001036170, PA0001226503, PA0001375529, and PA0001685317, which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the DreamWorks Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

45. The DreamWorks Copyrighted Works is published on the internet and available to Defendants online. As such, Defendants had access to the DreamWorks Copyrighted Works via the internet.

46. Without authorization from Plaintiff or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the DreamWorks Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the DreamWorks Copyrighted Works. Such conduct infringes and continues to infringe the DreamWorks Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

47. Defendants reap the benefits of the unauthorized copying and distribution of the DreamWorks Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

48. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Products that capture the total concept and feel of the DreamWorks Copyrighted Works.

49. On information and belief, Defendants' infringement has been willful, intentional, purposeful, in disregard of, and with indifference to Plaintiff's rights.

50. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

51. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502,

Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the DreamWorks Copyrighted Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the DreamWorks Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine DreamWorks Product or is not authorized by Plaintiff to be sold in connection with the DreamWorks Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the DreamWorks Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine DreamWorks Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the DreamWorks Trademarks and/or the DreamWorks Copyrighted Works;

    d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

      e.   further infringing the DreamWorks Trademarks and/or the DreamWorks Copyrighted Works, and damaging Plaintiff's goodwill; and

      f.   manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the DreamWorks Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the DreamWorks Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction including, without limitation, any online marketplace platforms such as Temu and PayPal (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the DreamWorks Trademarks and/or the DreamWorks Copyrighted Works;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the DreamWorks Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the DreamWorks Trademarks;

5) As a direct and proximate result of Defendants' infringement of the DreamWorks Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 30th day of June 2025.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Berel Y. Lakovitsky
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
blakovitsky@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff DreamWorks Animation LLC*